Defendant-appellant Lawrence B. Sallaz appeals the September 15, 1997 Judgment Entry of the Perry County Court of Common Pleas adjudicating him a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On May 12, 1988, appellant pled guilty to one count of rape in violation of R.C. 2907.02, and two counts of gross sexual imposition in violation of R.C. 2907.05(A)(3). The trial court sentenced appellant to an indefinite term of imprisonment of five to twenty-five years on the rape, and one year for each count of gross sexual imposition, the terms to be served concurrently.
After the enactment of H.B. 180, Ohio's version of Megan's Law, the Ohio Department of Correction and Rehabilitation recommended pursuant to R.C. 2950.09(C)(1) the trial court declare appellant to be a sexual predator and/or an habitual sex offender. The trial court set a hearing for September 11, 1997.
Prior to the hearing, counsel for appellant filed a motion for an order finding R.C. 2950.09 inapplicable as an ex postfacto law and as being contrary to the double jeopardy clauses of the United States and Ohio Constitutions. Additionally, appellant filed a pro se opposition to and request for dismissal of the Department of Correction and Rehabilitation's Recommendation. On August 20, 1997, the State filed its memorandum in opposition to appellant's constitutional arguments. At the September 11, 1997 hearing, appellant's counsel also made an oral motion to dismiss arguing the statute, as applied to appellant, was violative of Article II, Section 28 of the Ohio Constitution. The trial court denied both motions and proceeded with the hearing.
The State presented the testimony of Robin Zinn, Chief of Police for the Village of Crooksville. Chief Zinn testified he first became aware of appellant as a result of one of appellant's two prior convictions in Perry County for indecent exposure. Chief Zinn was personally involved in the investigation of one of the gross sexual imposition charges which formed the basis of the sexual predator determination. Chief Zinn testified appellant victimized three children; one thirteen and two ulder the age of thirteen.
On cross examination, Chief Zinn testified he was not aware of drug or alcohol used in the commission of the crimes. Chief Zinn was also unaware of the number of sexual offender classes appellant attended while incarcerated. Chief Zinn could not say whether or not appellant was likely to re-offend.
After considering the testimony, the trial court found appellant to be a sexual predator. This decision was memorialized in a Judgment Entry filed September 15, 1997. It is from that judgment entry appellant prosecutes this appeal assigning the following as error:
 I. WHETHER APPLICATION OF O.R.C. 2950.09 IS IN VIOLATION OF ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION WHICH PROHIBITS RETROACTIVE LAWS?
 II. WHETHER O.R.C. 2950.09 IS UNCONSTITUTIONAL AS AN EX POST FACTO LAW IN VIOLATION OF THE UNITED STATES AND OHIO CONSTITUTIONS?
 (A) THE U.S. CONSTITUTION BANS EX POST FACTO LAWS.
 (B) WHY R.C. 2950.09(C) CONSTITUTES AN EX POST FACTO OR RETROACTIVE LAW.
 (C) APPLICATION OF O.R.C. 2950.09
CONSTITUTES DOUBLE JEOPARDY.
 III. WHETHER THE COURT'S FINDING THAT APPELLANT IS A "SEXUAL PREDATOR" IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE?
 I II
Appellant's first and second assignments of error are overruled on the authority of State v. Nosic (Feb. 1, 1999), Stark App. No. 1997CA00248, unreported; and State v. Bair (Feb. 1, 1999), Stark App. No. 1997CA00232, unreported.
 III
In his third assignment of error, appellant submits the trial court's decision was against the manifest weight of the evidence. We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined R.C. Chapter 2950 is remedial in nature and not punitive. Id. at 417. As such, we review this assignment of error under the standard of review contained in C. E. MorrisCo. v. Foley Constr. (1978), 54 Ohio St.2d 279.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279.
R.C. 2950.01(E) defines a "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.09(B)(2) sets forth the relevant factors a trial court is to consider in determining whether a person should be classified as a "sexual predator". This statute provides:
 In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In Cook, the Ohio Supreme Court explained, "[a]t the hearing, the offender and the prosecutor have the opportunity to testify, present evidence, and call and examine witnesses and expert witnesses regarding the determination of whether the offender is a sexual predator." Cook, supra at 423. The trial court should follow this procedure in making a sexual predator determination.
The trial court in the case sub judice, after hearing the arguments of counsel and reviewing the evidence presented, stated "based on the ages of the victims and multiple counts, as well as the other criteria set forth in 2950.09, that, in fact, the [appellant] is, in fact, a sexual predator according to the statute." T. at 14.
The trial court analyzed the facts in light of the above enumerated statutory factors. Appellant raped one child and sexually abused two others. We find the fact appellant preyed on multiple victims combined with the age of the victims sufficient, competent, credible evidence upon which a trial court could base its decision. Accordingly, we find the trial court's classification of appellant as a sexual predator is not against the manifest weight of the evidence.
Appellant's third assignment of error is overruled.
The judgment of the Perry County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Edwards, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Perry County Court of Common Pleas is affirmed. Costs assessed to appellant.
---------------------------
---------------------------
 --------------------------- JUDGES